George Andeews, J.,
delivered the opinion of the Court.
This was an action of forcible detainer, brought by Malatesta against Miss "Weigand, before three justices of the peace, to recover possession of certain premises, in the City of Memphis.
The justices rendered judgment in favor of the plaintiff, that he have restitution of the premises, and for costs; but rendered no judgment for any sum as rents or damages.
A writ of possession having issued upon this judgment, the defendant filed her petition and obtained the fiat of the Judge of the Municipal Court, for a writ of certiorari and supersedeas, to quash the writ of possession. The petition alleged that the petitioner was an infant; but showed no valid ground for quashing the writ of possession.
The petitioner gave a bond in the penalty of $2,000, conditioned to prosecute the certiorari with effect, or in case of failure, to perform the judgment which should be rendered in the cause. The execution of the writ of possession was stayed by the supersedeas.
The Municipal Court, upon motion of Malatesta, dismissed the petitiofi, and quashed the writ of certio-rari; and thereupon, summoned a jury to assess the *364 plaintiff’s damages for the wrongful suing out of said writ, who returned a verdict for the plaintiff, of $333.33. The Court then appointed a guardian, ad litem, for the defendant, Weigand, and rendered judgment against her and her surety in the certiorari bond, for the amount of the verdict, and for the recovery of the premises. The defendant appealed to this Court.
It is conceded by counsel, as it must be, that the judgment of the Municipal Court, in dismissing the cer-tiorari, was correct. But it is insisted, that the Court erred, in rendering judgment final for the possession of the premises; and in impaneling a jury to assess the plaintiff’s damages; and in rendering judgment on that verdict; it being claimed, that the Court should have awarded a procedendo to the justices who tried the case, and have rendered a judgment for costs only.
The Code, sec. 3137, provides, that, upon dismissal of the certiorari, for any cause, the Court shall enter up judgment for the amount recovered in the inferior court, against the principal and the sureties to the prosecution bond, with interest and costs. It is well settled since the Code, that, under this section, the judgment in the higher court may be for the amount of the recovery below; and that it is not necessary to issue a proce-dendo to the inferior court: Lowndes vs. Hunter, 2 Head, 343; Hollins vs. Johnson, 3 Head, 346; Roddy vs. Bacon, 3 Coldwell, 253.
But, in this case, no recovery was had before the justices for any amount, except for costs; and there is no express statutory provision for the impaneling of a jury in the higher court, to ascertain the plaintiff’s *365 damages, as was done in this case, when they were not recovered below.
The provision made by the Code, sec. 3363, for the assessment of damages in cases brought by certiorari, upon judgment in forcible entry and detainer, applies to cases in which the writ is employod as a substitute for an appeal to bring up the whole case for trial upon the merits; and not to a/- case like the present, where its office is merely to correct a supposed error in the issuance of . final process. In the' latter case, the cer-tiorari is issued under the provisions of the general statutes, in regard to that form of proceeding; it operates upon the process attacked only, and brings before the higher court only the errors pointed out in the petition: Hollins vs. Johnson, 3 Head, 346.
It is provided, by sec. 3136., of the Code, that, in ease the plaintiff in the writ of certiorari, 'obtain relief on final judgment, the Court may direct the jury trying the cause, to assess his damages; may impanel a jury for that purpose; may order restitution of the property, or give such other judgment in the applicant’s favor, as the case requires.
In cases of . forcible entry and detainer, where the certiorari operates to bring up the whole case for trial, the party obtaining the writ, is required to give bond in double the value of one year’s rent of the premises, to prosecute the suit with effect, or to pay all costs and damages which may arise from wrongfully suing it out; and that, if the cause is taken to the Circuit Court by either party, and the jury find that the *366 plaintiff is entitled to tbe possession, they shall find the value of the rents, and the damages to which the plaintiff is entitled; and judgment shall be given against the defendant and his sureties, for the amount.
These statutory provisions are in pursuance of a policy apparent throughout the legislation of this State, to make a complete settlement of the rights of the parties, whenever it can be accbmplished in the pending proceeding, without turning the parties over to a second litigation in order to complete the remedy. And the provision above recited, that the Circuit Court may render judgment for the amount of the recovery below, even though the writ of certiorari be dismissed, shows that it was the intention of the Legislature, that whatever relief could be afforded, should be effectuated in that court, without a procedendo to the court below, notwithstanding the apparent want of jurisdiction in the Circuit Court to render such judgment after the certio-rari is dismissed.
The bond for the writ of certiorari, is required to be conditioned to prosecute the suit with effect, or perform the judgment which shall be rendered in the cause.
The Circuit Court is required to render a final judgment, and cannot remand the cause with a proce-dendo; and therefore, if no power exists in the Circuit Court to assess the plaintiff’s damages and to render a judgment therefor, the plaintiff must be remitted to his common law action, which would not be available upon the bond; because that is conditioned, not for the pay *367 ment of damages or rent, but for the performance of the judgment of the Circuit Court.
The power to impanel a jury in cases like the present, is not given in express terms by the statute; yet the power is given to render a final judgment, and. no remedy upon the statutory bond exists in any other court. I think that the Municipal Court, in entering up final judgment in pursuance of the statute, was authorized, in pursuance of the evident object and policy of the law, to make the final judgment the effectual remedy which the Legislature intended.
The damages recoverable by the plaintiff in this action, are, for wrongfully withholding from him the possession of the premises. The action is, in its nature, an action for a tort, and not upon contract. We express no opinion as to the liability of an infant defendant in such action, upon his bond; but, for the damages sustained by the plaintiff, by the unlawful detention of the premises, he is clearly liable, as in ordinary actions of tort.
The judgment is affirmed.